UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION AT PIKEVILLE**

MARSHALL DeEWAYNE WILLIAMS,    )
    )
    Plaintiff,    )    Civil No.
    )    7:15-CV-68-JMH
V.    )
    )
UNKNOWN FEDERAL AGENTS and    )    **MEMORANDUM OPINION**
THE UNITED STATES OF AMERICA,    )    **AND ORDER**
    )
    Defendants.    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Marshall DeWayne Williams is an inmate confined by the Bureau of Prisons ("BOP") in the Atlanta-United States Penitentiary ("USP").[1] On January 14, 2015, while confined in the USP-Beaumont, located in Beaumont Texas, Williams filed a *pro se* civil rights action in the United States District Court for the Eastern District of Texas asserting numerous constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[2] Williams alleged that he had been assaulted and

---

[1] The Court obtained Williams's current location from the BOP's website. *See* http://www.bop.gov/inmateloc/ (last visited on December 1, 2015, in re: Williams, BOP Register No. 14130-077).

[2] To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397. This implied cause of action is "the federal analog

1

mistreated while confined in various federal prisons located in Memphis, Tennessee; Forest City, Arkansas; Lexington, Kentucky; Inez, Kentucky; Oklahoma City, Oklahoma; and Lewisburg, Pennsylvania. [R. 2]. Williams named the United States of America and "Unknown Federal Agents" as the defendants to the action.

On April 16, 2015, the Texas federal court severed all of the claims except those arising in Memphis, Tennessee, and directed the clerk of that court to create a new civil action for each set of geographically-related claims. [R. 1]. *See Williams v. Unknown Federal Agents*, No. 1:15-CV-16 (E.D. Tex. 2015). The clerk of the Texas court created a new civil action for the claims related to alleged events at the USP-Big Sandy, located in Inez, Kentucky. These claims form the subject matter of this action. A magistrate judge then determined the case should be transferred to this Court based on venue considerations set forth in 28 U.S.C. § 1406. The transfer of the case was not effectuated until July 29, 2015 [R. 6], upon the Fifth Circuit's dismissal of Williams's appeal for want of prosecution. [R. 5, 6]. *See Williams v. Unknown Federal Agents*, No. 1:15-CV-158 (E.D. Tex. 2015).

On August 26, 2015, this Court granted Williams's motion to proceed *in forma pauperis*. *See* Order, R. 13. The Court now conducts a preliminary review of Williams's complaint because he

---

to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006).

asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action.   28 U.S.C. §§ 1915(e)(2); 1915A.   In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.   *Id.*

Because Williams is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   But as explained below, the Court will dismiss Williams's *Bivens* claims stemming from his prior confinement at USP-Big Sandy.

### WILLIAMS'S CRIMINAL PROCEEDINGS

On July 1, 2010, a federal grand jury in Frankfort, Kentucky, handed down a two-count Indictment against Williams, charging that on August 20, 2009, Williams: (1) forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a U.S. Secret Service Special Agent, while the Special Agent was engaged in his official duties, all in violation of 18 U.S.C. § 111; and (2) while an inmate in USP-Big Sandy, possessed a prohibited object, to wit a shank, all in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3). *United States v. Marshal Dewayne Williams*, No. 3:10-CR-11-KSF-REW (E. D. Ky. 2010) [R. 1, therein] ("the Frankfort Criminal Case").

3

On April 7, 2011, Williams was indicted in the Pikeville Division of this Court, charged with twenty-one (21) counts of mailing threatening letters to various state and federal officials in violation of 18 U.S.C. § 1038(a)(1)(A) in July and August 2009. *United States v. Marshal DeWayne Williams*, Case No. 7:11-CR-10-KSF-REW-1 (E. D. Ky. 2011) [R. 1, therein] ("the First Pikeville Criminal Case").[3]   When Williams was indicted in the various federal cases in Kentucky, he was already serving a ninety-nine-year sentence for maliciously destroying a newspaper dispenser with a pipe bomb, which resulted in the death of his step-father, and a ten-year consecutive term for possession of the pipe bomb and the making of the pipe bomb without required approval. *United States v. Williams*, 775 F.2d 1295, 1297 (5th Cir. 1985); *United States v. Williams*, 819 F.2D 605, 607 (5th Cir. 1987)

On April 18, 2011, the United States filed a motion to dismiss without prejudice the two charges filed in the Frankfort Criminal Case. [R. 128, therein]  On April 19, 2011, the Court granted that motion and dismissed the Frankfort Criminal Case without

---

[3] On July 1, 2010, a federal grand jury in Pikeville, Kentucky, returned yet another indictment charging that Williams did "forcibly assault, resist, oppose, impede, intimidate, and interfere with a U.S. Secret Service Special Agent, while the Special Agent was engaged in his official duties, all in violation of 18 U.S.C. § 111." *See United States v. Marshal DeWayne Williams*, No. 7:10-CR-17-DCR-REW-1 (E. D. Ky. 2010) [R. 1, therein; Indictment Count 1] ("the Second Pikeville Criminal Case).  In Count 2 of the Indictment, the grand jury charged that Williams possessed a prohibited object while an inmate at the USP-Big Sandy, a federal prison located in the Eastern District of Kentucky, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).  On August 17, 2010, the Court entered an Order directing that "…all future pleadings should be filed in Frankfort Criminal Action No. 3: 10-11-DCR."  [R. 25, therein]

prejudice. [R. 129, therein]. Invoking his rights under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), Williams then moved to dismiss the indictment *with* prejudice [R. 130, therein], but the Court denied that motion [R. 132, therein]. Williams appealed both orders, but the Sixth Circuit Court of Appeals dismissed his appeal for lack of jurisdiction because both of the orders from which Williams appealed were non-appealable, interlocutory orders. [*Id.*, R. 137, therein; *United States of America v. Marshal DeWayne Williams*, No. 11-5549 (6th Cir. June 30, 2011)]

On June 1, 2011, the United States filed a motion to dismiss without prejudice the twenty-one criminal charges filed in the First Pikeville Criminal Case. [R. 42, therein]. On June 2, 2011, the Court granted that motion and dismissed the First Pikeville Criminal Case without prejudice. [R. 43, therein]. Again invoking his rights under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2) Williams moved to dismiss the indictment *with* prejudice, *see id*. R. 44, therein, but the Court denied that motion, *see id.*, R. 46, therein. William appealed, but the Sixth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, finding that both of the orders from which Williams appealed were interlocutory. [*Id.*, R. 51, therein; *United States of America v. Marshal DeWayne Williams*, No. 11-5723 (6th Cir. Sept. 8, 2011)]

### ALLEGATIONS OF WILLIAMS'S *BIVENS* COMPLAINT

Williams asserts two sets of claims relating to his confinement in USP-Big Sandy.  *See* R. 2, pp. 7-8.  In his first set of claims, Williams alleges that between May 2009 and December 2012, unidentified federal agents:

> …did psychologically force plaintiff to mail into the community (approximately 50 at this time-but totaling 103 individual incidents with the TN calls, etc) hoax bomb, anthrax, small pox, and nuclear waste dust letter containing various substances, subjected plaintiff to egregious torture; hypothermia, assault and battery, property damage, sensory deprivation and overload, indicted plaintiff and completely dismissed all the charges, due apparently to government corruption and experimentation in the psychological realm and torture.

[R. 2, p. 7]

Williams alleges that these actions "…caused directly or proximately physical and psychological injuries that continue to effect [sic] plaintiff presently."  [*Id.*]

Next, Williams alleges that in August 2010, while confined in USP-Big Sandy, unidentified federal agents:

> …did psychologically force plaintiff to physical [sic] kidnap a Secret Service Agent and hold him hostage and then subjected plaintiff to assault and battery, physical and mental torture, sensory deprivation and overload, hypothermia, etc. and did indict plaintiff in the USDC in the Eastern District of KY in Lexington, KY. But completely <u>dismissed</u> the indictment. These acts caused directly or proximately physical and psychological injuries that continue to effect plaintiff presently.

[*Id.*, p. 8]

Finally, under the heading of "No Specific Location," Williams asserts a series of claims challenging specific past conditions of his confinement, such as being placed in isolation, being denied bed clothes, a toothbrush, toothpaste, and toilet paper; being subjected to abuse and torture; being the target of a conspiracy; deliberate indifference to his safety and medical needs; and the confiscation of his papers and mattress. [*Id.*, p. 12]  Williams alleges that these actions occurred between June 2008 and December 2014, but he does not specify where (or in which federal prison) these alleged events transpired.  [*Id.*] Williams seeks unspecified compensatory and punitive damages from the defendants. [*Id.*, p. 4; p. 13]

## DISCUSSION

Williams's claims stemming from his confinement at USP-Big Sandy suffer from various defects, any and all of which require immediate dismissal.  First, Williams alleges that between May 2009 and December 2012, unidentified federal agents psychologically forced him to mail "hoax" bomb, anthrax, small pox, and nuclear waste dust letters to various government officials; that in August 2010, unidentified federal agents psychologically forced him to kidnap a Secret Service Agent and hold him hostage; and then subjected him to assault and battery, physical and mental torture, sensory deprivation and overload and hypothermia.

7

As discussed, a district court must dismiss any prisoner civil complaint if it is frivolous. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A frivolous complaint is one that lacks a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989) (interpreting 28 U.S.C. § 1915); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Lawler*, 898 F.2d at 1199.[4] Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Here, Williams's allegation on page 7 of his complaint, that unidentified federal officials "forced" him to mail letters to dozens of state and federal government officials in which he alleged he had included illegal and toxic contents or substances, is, on its face, a fantastic, "wholly incredible," and delusional

---

[4] Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Ascroft v. Iqbal*, 129 S.Ct. 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009), a district judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

assertion.  The same can and must be said for Williams's other allegation set forth on page 8, which is that unidentified USP-Big Sandy officials forced him to kidnap and hold hostage a Secret Service official in August 2010.  Claims such as these must be dismissed as delusional and frivolous.  *See Henry v. Caruso*, No. 13-12881, 2014 WL 525032, at *4 (E. D. Mich. Feb. 7, 2014) (recommending that state prisoner's claims alleging that Michigan Department of Corrections officials had surgically implanted transmitters in his neck, were subject to *sua sponte* dismissal as frivolous because they were based upon irrational and delusional factual averments); *See Golden v. Coleman*, 429 F. App'x 73 (3d Cir.2011) (prisoner's allegations that prison employees violated his constitutional rights by planting "Government Micro Eye Cameras" in his food, which then attached to his visual cortex and sent images to a computer, were fantastic, delusional, and simply unbelievable, and warranted dismissal of his § 1983 action); *Abascal v. Jarkos*, 357 F. App'x 388 (2d Cir. 2009) (claim that prison doctors and officials were deliberately indifferent in using high-tech equipment to control the plaintiff's thoughts and to cause him pain and injury was properly dismissed *sua sponte* as fantastic or delusional).

Second, even were the Court to assume that Williams's allegations were not delusional, all of his claims relative to his confinement in USP-Big Sandy are barred by Kentucky's one year

statute of limitations.  Williams's alleged *Bivens* claims arose in Kentucky, and in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) applies to claims alleging the commission of constitutional torts.  Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181-82 (6th Cir. 1990).  Thus, *Bivens* claims have a one-year statute of limitations under Kentucky law.  *Mitchell*, 343 F.3d at 825; *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987).

The next step requires the Court to determine when that one-year period began to run.  Federal law governs when the statute of limitations begins to run.  *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

Under that framework, and based on his own allegations, Williams either knew or should have known about the basis of claims set forth on page seven (7) of his complaint (that federal officials "forced" him to mail illegal and threatening communications to various government officials) on or before December 31, 2012.  Thus, Williams was required to have asserted

10

any claims based on those alleged events within one year of that time, which would have been no later than **December 31, 2013**. Williams did not assert these claims until January 14, 2015, when he filed his *Bivens* complaint in the Texas federal court. Admittedly, the BOP's administrative remedy process set forth in 28 C.F.R. §§ 542.14-18 can take 90 days to complete—sometimes 120 days if time extensions are granted—but even liberally allowing additional time for compliance with that process, Williams's claims set forth on page 7 of his complaint are time-barred.

The same logic applies to Williams's other allegations set forth on page eight (8) of his complaint--that unidentified USP-Big Sandy officials "forced" him to kidnap and hold hostage a Secret Service official, Williams alleges that the unidentified prison officials forced him to take that action in August 2010, which means that Williams was required to have assert any *Bivens* claim stemming from those facts within one year of that date, or, on or before **August 31, 2011**. Again, Williams did not assert this claim until January 14, 2015, the date on which he originally filed his *Bivens* complaint in federal court in Texas.

As for Williams's "No Specific Location" condition of confinement claims set forth on page 12 of his complaint (that he was denied certain items such as a toothbrush, toothpaste, a mattress, and that unidentified prison officials were deliberately indifferent to his serious medical needs), Williams fails to allege

11

where the alleged actions (or inactions) about which he complains occurred. Williams makes no reference to USP-Big Sandy in that passage, but he specifically alleges that he was allegedly mistreated while confined in the USP-Lewisburg, in Lewisburg, Pennsylvania, between December 2012 and August 2014. Based on Williams's allegations, his confinement at USP-Big Sandy appears to have ended in December 2012, and he was then transferred to the USP-Lewisburg. To the extent that Williams challenges various conditions of his confinement at USP-Big Sandy, dating back to December 2012, at the latest, those claims are also time-barred for the reasons previously discussed.

Third and finally, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554; *Federal Housing Administration v. Burr*, 309 U.S. 242, 244. Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). See also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

*Bivens* actions may not be maintained against the United States. *See e.g.*, *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992) ("a Bivens action may be brought only against individual federal officials, not against the United States"); *Nuclear Transport and Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) (United States cannot be sued under *Bivens* because it "has not waived sovereign immunity and consented expressly to be sued in a *Bivens*-type action"). For these reasons, the Court will dismiss Williams's complaint, with prejudice.

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff Marshal DeWayne Williams' 28 U.S.C. § 1331 civil rights complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

2.  Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

3.  The Clerk of the Court shall send a copy of this Memorandum Opinion and Order, and attached Judgment, to Williams at the following address: Marshall DeWayne Williams, BOP Register No. 14130-077, USP-Atlanta, U.S. Penitentiary, P.O. Box 150160, Atlanta, GA. 30315.

4.  This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This December 2, 2015.

 Signed By:

_Joseph M. Hood_

Senior U.S. District Judge