```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION AT PIKEVILLE


MARSHALL DeEWAYNE WILLIAMS,    )
                               )
     Plaintiff,                )        Civil No.
                               )        7:15-CV-68-JMH
V.                             )
                               )
UNKNOWN FEDERAL AGENTS and     )     MEMORANDUM OPINION
THE UNITED STATES OF AMERICA,  )         AND ORDER
                               )
     Defendants.               )
```

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Marshall DeWayne Williams is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-Lee located in Jonesville, Virginia. Proceeding without counsel, Williams, has filed a motion [R. 22] to amend his civil rights complaint [R. 2], which the Court dismissed in the Memorandum Opinion and Order ("the Opinion and Order") and Judgment entered on December 2, 2015 [R. 14; R. 15] As explained below, Williams's motion to amend his dismissed complaint will be denied.

## BACKGROUND

In 2015, while confined in Texas, Williams brought suit under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that he had been assaulted and mistreated while confined in various federal prisons in Tennessee, Arkansas, Kentucky, Oklahoma, and Pennsylvania. Williams named the United

1

States and "Unknown Federal Agents" as defendants "only in their official capacity." Two separate district-court case numbers and orders arose in this Court from that single complaint: this proceeding and *Marshall Dewayne Williams v. Unknown Federal Agents, et al.,* 5:15-CV-211-JMH (E.D. Ky. 2015).

In the instant *Bivens* proceeding, Williams challenged various conditions of his confinement at the USP-Big Sandy in Inez, Kentucky, where he alleged that prison officials forced him to mail biological warfare agents out into society. He also alleged, without specifying where he was confined, that between June 2008 and December 2014, he suffered unlawful conditions of confinement, including, but not limited to, being placed in isolation, denied personal hygiene items, and subjected to abuse, torture and conspiracy.

On December 2, 2015, the Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A, and, in the Opinion and Order, dismissed all of the claims asserted by Williams. The Court dismissed Williams's "No Specific Location" condition-of-confinement claims because they were barred by the applicable statute of limitations; dismissed Williams's claim that he was forced to mail biological warfare agents out into society as lacking a rational or arguable basis in law or fact based on *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); dismissed the

unidentified federal agents as being not amenable to suit in their official capacities; and dismissed Williams's *Bivens* claims against the United States as prohibited by the doctrine of sovereign immunity. [R. 14] The Court further certified that an appeal could not be taken in good faith. [R. 15, ¶ 4]

Williams appealed, but on May 24, 2016, the Sixth Circuit Court determined that based on the reasons set forth in the Opinion and Order, Williams's appeal did not have an arguable basis in fact or law; denied Williams pauper status on appeal; and ordered Williams to pay the $505 appellate filing fee within thirty days of its order, or risk dismissal for want of prosecution. *Marshall DeWayne Williams v. Unknown Federal Agents, et al.*, No. 16-5008 [R. 14, therein] On July 22, 2016, the Sixth Circuit dismissed the appeal because Williams did not pay the assessed appellate filing fee within the prescribed time. [*Id.*, R. 16, therein]

On July 28, 2016, less than a week after his appeal was dismissed, Williams filed the instant motion to amend his *Bivens* complaint in this proceeding. Williams contends that because the BOP transferred him among its various prison facilities between July 2009 and December 2014, and between August 2015 through June 2016, the applicable statute of limitations (Ky. Rev. Stat. § 413.140(1)(a)) should have been tolled with respect to his non-

3

specific condition of confinement claims, thus allowing him to proceed with those claims. [*Id.*]

## DISCUSSION

This case is closed, judgment has been entered against Williams, and Williams has unsuccessfully appealed the Opinion and Order and Judgment. Williams has not alleged facts which warrant amendment of his original complaint under any provision of Federal Rule of Civil Procedure 15. *See Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) ("When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.") (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). The Sixth Circuit's approach on this issue follows that of the Seventh Circuit. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 521 (7th Cir. 2015) ("… when a district court has entered a final judgment of dismissal, the plaintiff cannot amend under Rule 15(a) unless the judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal.")

4

In his current motion, Williams claims—for the first time--that the applicable one-year statute of limitations should have been tolled with respect to his condition of confinement claims because of his frequent transfers among BOP facilities. When determining whether equitable tolling is appropriate, the Sixth Circuit applies a five-factor balancing test, which weighs:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), adopting factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)) (alteration in *Solomon*). "The *Andrews* factors are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004) (citation omitted).

Applying these five criteria to the instant proceeding, Williams could and should have raised his equitable tolling argument (vis-à-vis his USP-Big Sandy condition of confinement claims) in a motion seeking post-judgment relief under either Rule

5

59(e) or 60(b), but he did not do so;[1] he proceeded directly with an appeal, which was dismissed because Williams did not pay the appellate filing fee **after** the Sixth Circuit determined that his appeal lacked an arguable basis in law or fact as to any issue asserted. Williams is therefore not entitled to assert the equitable tolling argument "anew" in motion to amend under his complaint under Rule 15; to allow Williams to amend his complaint at this juncture would result in an improper "after the fact" manipulation of the judicial process.

And most fundamentally, Williams's belated assertion that he was "in transit" continually between 2009 and 2014, and again between August 2015 and June 2016, does not constitute an extraordinary circumstance justifying the equitably tolling of the applicable one-year statute of limitation period. While the BOP intermittently transferred Williams to different facilities,

---

[1] In his original *Bivens* complaint, Williams also did not allege that his various BOP transfers between 2009 and 2014 prevented him from filing suit on his USP-Big Sandy condition of confinement claims. Further, as noted in the Opinion and Order, Williams's own discussion of his "No Specific Location" condition of confinement claims left much to be desired, as Williams failed to specify exactly where or when those claims, and the alleged deprivations he suffered, occurred. *See* R. 14, at pp. 11-12. This Court was basically required to reconstruct Williams's confinement history, based on the sparse information contained on page 12 of his Complaint [R. 1], to determine where Williams was confined during the relevant time-period(s), before it could screen his claims challenging his condition of confinement claims regarding USP-Big Sandy. [*Id*.] Now, eight months after the dismissal of his complaint and an unsuccessful appeal, Williams wishes to provide details about where the BOP transferred him and where he was confined.

Williams was not in a perpetual and/or continual state of "transit" for five straight years between 2009 and 2014, rendering him unable to file suit on his condition of confinement claims. This Court, and other district courts, have consistently held that temporary periods of transfer do not qualify as extraordinary circumstances which justify the equitable tolling of the applicable statute of limitations period. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding that the fact that the plaintiff had been transferred to another prison and did not have access to his papers was not an exigent circumstance sufficient to justify equitable tolling of the limitations period); *Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001) (concluding that the movant's "ninety days in transit do not explain his lack of diligence in filing his [28 U.S.C.] § 2255 motion during the nine-month period that remained open to him to file timely"); *United States v. Clay*, No. 5:06-CR-83-JMH-JGW-1, No. 5:09-CV-07079-JMH-JGW, 2010 WL 5564051, at *2 (E. D. Ky. May 13, 2010) (denying petitioner's § 2255 motion as time-barred and rejecting his claim that he was "in transit," holding that "To the extent that defendant seeks equitable tolling for the statute of limitations, it is highly unlikely that defendant was 'in transit' the entire year following the date on which his conviction became final."); *Hulsman v. Rebecca Pancake*, No. 3:09-CV-P87-C, 2009 WL 1458239 at

*3 (W.D. Ky. May 20, 2009)("The petitioner's assertion that his petition should be considered timely because KDOC transferred him a number of times and because the only legal assistance available to inmates is jail-house writ writers also fails to demonstrate entitlement to equitable tolling. Those circumstances do not toll the one-year period. The petitioner does not explain why being transferred to different prisons prevented him from filing his habeas petition earlier."); *Nguyen v. United States*, Nos. 3:07-cv-207-J-32HTS, 3:04-cr-093-J-32HTS, 2007 WL 2904141 (M.D. Fla. Oct. 3, 2007) (prisoner-petitioner presented no evidence showing that he made efforts to file a petition or secure his legal papers during a temporary transfer period).

For the foregoing reasons, Williams's post-judgment (and post-unsuccessful appeal) motion to amend his complaint under Rule 15 will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Marshal DeWayne Williams' motion to amend his complaint [R. 22] is **DENIED**.

This the 1st day of August 1, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8